```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

Christopher P. Cole

    v.                                                Civil No. 13-cv-274-SM

Corporal FNU Fluery and
Corporal FNU Dube

**O R D E R**

Christopher P. Cole, an inmate at the New Hampshire State Prison ("NHSP") has filed a complaint (doc. no. 1) asserting that defendants violated his Eighth Amendment rights by using excessive force against him.  The matter is before the court for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted.  See 28 U.S.C. § 1915A(a); LR 4.3(d)(2).  Also before the court is a motion for expedited ruling (doc. no. 3).

I.   Preliminary Review

    A.   Standard

Pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915A(a), the magistrate judge conducts a preliminary review of pro se in forma pauperis complaints before defendants have an opportunity to respond to the claims.  The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the

district judge that one or more claims be dismissed if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious. See 28 U.S.C. § 1915A(b); LR 4.3(d)(2).

In determining whether a pro se complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

B.   Factual Background

Cole is an NHSP inmate who, during May 18-19, 2013, was housed at the prison's Secure Psychiatric Unit ("SPU"). Cole's housing status on SPU required that his food be delivered through a slot in his door and that any trash in his cell be passed out of the same slot. Cole alleges that on May 19, 2013,

2

NHSP Corporal Fluery and Corrections Officer Dube were delivering food trays to SPU inmates.  When Fluery and Dube opened Cole's slot to hand him his tray, Cole indicated that he did not want any food, but had trash to pass out of the slot.

Cole states that when he started to push the trash bag through the slot, Fluery and Dube slammed the slot door down on his hands.  Cole tried to pull his hands and arms out, but could not, because the officers were holding, twisting, and pulling his fingers while holding the door slot down on them.  Fluery then stomped on the slot door right where Cole's hand was located.

Cole states that as a result, he suffered severe bruising to his forearm, cuts on his hand, swelling, numbness, and persistent pain.  Cole saw a nurse for his injuries shortly after the incident, and a doctor four days later, who told Cole that he had nerve damage in his thumb and forearm.  Another nurse referred Cole for physical therapy.

Cole claims that the assault on him was taken in retaliation for a "flooding" incident that had occurred in Cole's unit the day before, when other inmates in the unit had flooded their toilets, causing water to flood the entire unit. As further evidence of defendants' malice, Cole claims that on the morning after the flooding, while the cells were still full

3

of water, Fleury was throwing the paper bags containing the inmates' breakfasts into the water on their cell floors. Cole also states that the day after the flooding, in addition to the excessive force complained of here, he, like the rest of the inmates on his housing unit, was exposed to the following prison conditions in retaliation for the flooding: the water on the whole unit was shut off for most of the day following the flood; he was unable to flush his toilet and thus had to smell his waste all day; he was made to clean up toilet water in his cell without gloves, shoes, or cleaning supplies.

   C.   Legal Analysis

Cole asserts that Fleury and Dube used excessive force against him on May 19, 2013, by pulling, twisting, and stomping on his fingers, hands, and arms, in violation of the Eighth Amendment. In considering whether plaintiff has stated an Eighth Amendment claim for excessive force, the court determines whether the facts demonstrate that the force described "was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). The relevant factors for the court to consider in evaluating an excessive force claim are: the need for force; the relationship between that need and the amount of force applied; the extent of any injury inflicted;

4

the "threat 'reasonably perceived by the responsible officials'"; and the "'efforts made to temper the severity of a forceful response.'"  Id. (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)).  Applying the relevant factors, the court concludes that Cole has stated a plausible claim of excessive force in violation of the Eighth and Fourteenth Amendments, upon which relief might be granted against Fluery and Dube.  Accordingly, the court directs service of this action on those defendants in this order.

II.  Motion for Expedited Ruling (Doc. No. 3)

Cole asserts that there is video footage of the May 19, 2013, episode of the alleged excessive force, and he moves for an order directing defendants to preserve the video.  Cole states that he sent three request slips to the NHSP Investigations Department asking that the video be "saved and secured."  His first request, sent the day of the incident, was answered by Capt. Cascio, who stated, "I'll review it."  Cole's other requests were not answered.

> A litigant has a duty to preserve relevant evidence.
> This obligation predates the filing of the complaint
> and arises once litigation is reasonably anticipated.
> The duty to preserve material evidence arises not only
> during litigation but also extends to that period
> before the litigation when a party reasonably should
> know that the evidence may be relevant to anticipated

> litigation. If a party cannot fulfill this duty to preserve because he does not own or control the evidence, he still has an obligation to give the opposing party notice of the possible destruction of the evidence if the party anticipates litigation involving that evidence.

EEOC v. Ventura Corp., No. 11-1700 (PG), 2013 WL 550550, at *3 (D.P.R. Feb. 12, 2013) (internal quotation marks and alterations omitted) (quoting Velez v. Marriott PR Mgmt., Inc., 590 F. Supp. 2d 235, 258 (D.P.R. 2008)).

There is nothing in the record suggesting that the videotape is likely to be imminently destroyed. Once the complaint is served on defendants, pursuant to this order, defendants will be on notice of their duty to preserve the videotape and/or to notify Cole of the possibility of its destruction. Cole has failed to demonstrate any need for the requested protective order at this time, and the motion is therefore denied, without prejudice to renewal should Cole be able to demonstrate that the evidence will not likely be preserved absent a court order.

## Conclusion

The motion for an expedited ruling (doc. no. 3) seeking preservation of the videotape of the May 19, 2013, incident is DENIED without prejudice.

Cole has stated sufficient facts to assert an excessive force claim against defendants Fluery and Dube, in their individual capacities, upon which relief might be granted. Accordingly, the clerk's office is directed to serve the New Hampshire Office of the Attorney General ("AG"), as provided in the Agreement on Acceptance of Service, electronic copies of: this order; the complaint (doc. no. 1); and the motion for expedited ruling (doc. no. 3).

Within thirty days from receipt of these materials, the AG will submit an Acceptance of Service notice to the court specifying whether all of the defendants have authorized the AG to receive service on their behalf.  When the AG files the Acceptance of Service, service will be deemed made on the last day of the thirty-day period for all defendants who accept AG representation.

If defendants do not authorize the AG to receive service on their behalf, or the AG declines to represent any or all of the defendants, the AG shall, within thirty days from receipt of the aforementioned materials, provide to the court the last known address of those defendants.  In that event, the clerk's office is instructed to complete and issue a summons for each of those defendants, using the last known address provided, and forward the summonses, along with the above-listed documents, to the

United States Marshal for the District of New Hampshire, to complete service on those defendants in accordance with this order and Fed. R. Civ. P. 4(c)(3) and 4(e).

Defendants are instructed to answer or otherwise plead within twenty-one days of service. See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to the defendants or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

October 25, 2013

cc: Christopher P. Cole, pro se

LM:jba